UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 01-4216

CHESTER FLETCHER WALLACE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
W. Earl Britt, Senior District Judge, sitting by designation.
(CR-99-187)

Submitted: December 10, 2001

Decided: January 2, 2002

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Walter Lamar Jones, CLIFFORD, CLENDENIN, O'HALE & JONES, L.L.P., Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Claude Edward Teague, III, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Chester Fletcher Wallace was convicted after he pled guilty to interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (1994), carry and use of a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000), and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) & 924(e) (West 2000). On appeal, Wallace contends that he was deprived of his Sixth Amendment right to counsel because the district court failed to obtain a valid waiver of counsel when it granted his counsel's motion to withdraw and allowed Wallace to represent himself. Finding no error, we affirm.

The Sixth Amendment guarantees not only the right to be represented by counsel, but the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent. *Id.* at 835. An individual's right to self-representation can be waived by a failure of timely assertion of the right or by subsequent conduct giving the appearance of uncertainty. *United States v. Weisz*, 718 F.2d 413, 425 (D.C. Cir. 1983). Courts must entertain every reasonable presumption against waiver of counsel. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). The record must show voluntary, knowing, and intelligent waiver. *United States v. Gallop*, 838 F.2d 105, 110 (4th Cir. 1988). Determination of a waiver of the right to counsel is a question of law, and thus to be reviewed de novo. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997).

An assertion of the right to self-representation must be: (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely. *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir.), *cert. denied*, 531 U.S. 994 (2000). While a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interroga-

tion of defendant is required, so long as the court warns the defendant of the dangers of self representation so that he makes his choice with his eyes open. *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978) (citing cases). We have reviewed the proceedings and find that Wallace was adequately warned of the dangers of self representation and voluntarily waived his right to counsel. *See id.* at 890.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*